FILED
CLERK, U.S. DISTRICT COURT
2/21/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JAMES HARVEY SCOTT, JR.,<br>ANTHONY FIELDS, JR., and<br>JAYCEE SIMPSON,<br><br>　　　　Defendants. | CR No. 5:24-cr-00055-WLH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud;<br>18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH TWENTY-ONE

[18 U.S.C. § 1344(2)]

[ALL DEFENDANTS]

A.　INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.　Bank of America, N.A., JPMorgan Chase Bank, N.A. ("Chase"), U.S. Bank, N.A., and Wells Fargo Bank, N.A. were each a financial institution insured by the Federal Deposit Insurance Corporation.

2.　An arrow key or a modified arrow lock (MAL) key was a type of universal key used by the United States Postal Service to access

collection boxes, outdoor parcel lockers, cluster box units, and apartment panels.

3. Defendant ANTHONY FIELDS, JR. was the registered agent of "West Paramount Consultants" and was a registered officer of "First Pick Trucking LLC DBA First Pick Trucking."

4. Fix Auto Redlands was an auto body repair and collision repair shop. Allison Mechanical, Inc. was a heating, ventilation, and air conditioning business. Other than sharing the same community mailbox in Redlands, California, these businesses were not affiliated.

B. THE SCHEME TO DEFRAUD

5. Beginning no later than in or around February 2022 and continuing until at least in or around May 2023, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendants JAMES HARVEY SCOTT, JR., ANTHONY FIELDS, JR., and JAYCEE SIMPSON, and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain moneys, funds, credits, assets, and other property owned by and in the custody and control of federally insured financial institutions by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

6. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

a. Defendant SCOTT, either alone or together with others known and unknown to the Grand Jury, would access and steal mail belonging to various individuals and businesses, including checks payable to Fix Auto Redlands and Allison Mechanical, Inc., by using a

1  real or counterfeit arrow key or MAL key.

2         b.    Defendant SCOTT would give defendant FIELDS stolen
3  checks payable to Fix Auto Redlands and Allison Mechanical, Inc.

4         c.    Defendant FIELDS opened various bank accounts,
5  including an account with Wells Fargo under the name "West Paramount
6  Consultants," an account with Wells Fargo under his own name, and an
7  account with Chase under the name "First Pick Trucking LLC DBA First
8  Pick Trucking," and used these accounts to deposit stolen proceeds in
9  the form of a cashier's check and altered, modified, or "washed"
10 checks and money orders, and would make subsequent withdrawals from
11 these accounts for his benefit. In so doing, defendant FIELDS falsely
12 represented to Wells Fargo and Chase that he was authorized to
13 receive the stolen proceeds.

14        d.    Defendant FIELDS gave defendant SIMPSON the stolen
15 checks payable to Fix Auto Redlands or Allison Mechanical, Inc.

16        e.    Defendant SIMPSON opened a bank account with Bank of
17 America under the name "Fix Auto Redlands LLC dba Allison Mechanical
18 Inc." In doing so, defendant SIMPSON falsely represented to the
19 financial institution that operated the bank account that he was an
20 authorized business representative of Fix Auto Redlands and Allison
21 Mechanical, Inc.

22        f.    Defendant SIMPSON would deposit checks stolen from Fix
23 Auto Redlands and Allison Mechanical, Inc. In doing so, defendant
24 SIMPSON falsely represented to the financial institution that
25 operated the bank account that he was authorized to deposit the
26 checks and make subsequent withdrawals and concealed that he was not
27 authorized to deposit the checks or make subsequent withdrawals.
28 //

g.  Defendant SIMPSON, either directly or indirectly, would pay defendant FIELDS and defendant SCOTT a portion of the funds received from the fraudulent scheme.

C.  EXECUTIONS OF THE FRAUDULENT SCHEME

7.  On or about the following dates, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendants SCOTT, FIELDS, and SIMPSON, aiding and abetting each other, committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DEFENDANT | DATE | ACT |
|---|---|---|---|
| ONE | FIELDS | February 28, 2022 | Defendant FIELDS deposited nine stolen money orders totaling $2,954 at a Chase ATM in Redlands, California. |
| TWO | FIELDS | March 28, 2022 | Defendant FIELDS deposited a stolen money order for $255 at a Chase ATM in Loma Linda, California. |
| THREE | SIMPSON | March 28, 2023 | Defendant SIMPSON opened a bank account with Bank of America under the name "Fix Auto Redlands LLC dba Allison Mechanical Inc" in Loma Linda, California. |
| FOUR | SIMPSON | April 4, 2023 | Defendant SIMPSON deposited nine stolen checks totaling $72,831.64, four of which were payable to Fix Auto Redlands LLC and five of which were payable Allison Mechanical, Inc., at a Bank of America ATM in San Bernardino, California. |

| COUNT | DEFENDANT | DATE | ACT |
|---|---|---|---|
| FIVE | SIMPSON | April 5, 2023 | Defendant SIMPSON obtained a $22,000 cashier's check in stolen proceeds payable to West Paramount Consultants from a bank teller at a Bank of America in Highland, California. |
| SIX | SIMPSON | April 5, 2023 | Defendant SIMPSON obtained a $22,000 cashier's check in stolen proceeds payable to Co-Schemer 1 from a bank teller at a Bank of America in Highland, California. |
| SEVEN | SIMPSON | April 5, 2023 | Defendant SIMPSON withdrew $6,000 in stolen proceeds from a bank teller at a Bank of America in Highland, California. |
| EIGHT | SIMPSON | April 5, 2023 | Defendant SIMPSON withdrew $1,000 in stolen proceeds from a Bank of America ATM in Highland, California. |
| NINE | FIELDS | April 5, 2023 | Defendant FIELDS deposited a cashier's check for $22,000 in stolen proceeds payable to West Paramount Consultants (which defendant SIMPSON had previously obtained) at a Wells Fargo in Redlands, California. |
| TEN | SIMPSON | April 6, 2023 | Defendant SIMPSON withdrew $6,000 in stolen proceeds from a bank teller at a Bank of America in San Bernardino, California. |
| ELEVEN | SIMPSON | April 7, 2023 | Defendant SIMPSON withdrew $6,000 in stolen proceeds from a bank teller at a Bank of America in San Bernardino, California. |

| COUNT | DEFENDANT | DATE | ACT |
|---|---|---|---|
| TWELVE | SCOTT | April 10, 2023 | Defendant SCOTT caused Co-Schemer 1 to deposit in her name and account a cashier's check for $22,000 in stolen proceeds payable to Co-Schemer 1 (which defendant SIMPSON had previously obtained) at a Bank of America in Fontana, California. |
| THIRTEEN | SCOTT | April 21, 2023 | Defendant SCOTT caused Co-Schemer 1 to withdraw $10,000 cash in stolen proceeds from a bank teller at a Bank of America in Loma Linda, California. |
| FOURTEEN | SIMPSON | April 29, 2023 | Defendant SIMPSON deposited nine stolen checks totaling $72,083.22 payable to Allison Mechanical, Inc. at a Bank of America ATM in San Bernardino, California. |
| FIFTEEN | SIMPSON | May 2, 2023 | Defendant SIMPSON deposited a stolen check payable to Fix Auto Collision and victim J.L. for $7,769.99 at a Bank of America ATM in Highland, California. |
| SIXTEEN | SIMPSON | May 5, 2023 | Defendant SIMPSON withdrew $9,000 in stolen proceeds from a Bank of America in San Bernardino, California. |
| SEVENTEEN | SIMPSON | May 8, 2023 | Defendant SIMPSON withdrew $9,500 in stolen proceeds from a bank teller at a Bank of America in Victorville, California. |
| EIGHTEEN | SIMPSON | May 8, 2023 | Defendant SIMPSON withdrew $9,000 in stolen proceeds from a Bank of America ATM in Victorville, California. |

| COUNT | DEFENDANT | DATE | ACT |
|---|---|---|---|
| NINETEEN | SIMPSON | May 10, 2023 | Defendant SIMPSON withdrew $1,500 in stolen proceeds from a Bank of America ATM in Apple Valley, California. |
| TWENTY | FIELDS | May 10, 2023 | Defendant FIELDS deposited two stolen money orders totaling $1,620 at a U.S. Bank ATM in Loma Linda, California. |
| TWENTY-ONE | FIELDS | May 11, 2023 | Defendant FIELDS deposited three stolen money orders for $1,512.50 at a U.S. Bank ATM in Redlands, California. |

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendants' conviction of the offenses set forth in any of Counts One through Twenty-One of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                            /s/
                                        Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Chief, General Crimes Section

J'ME K. FORREST
Assistant United States Attorney
General Crimes Section